IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JERMAINE RANDOLPH ENGLAND,   ) | Civil Action No. 4:07-cv-010-TLW-TER |
|        ) | |
|   Petitioner,     ) | |
|        ) | |
| v.       ) | REPORT AND RECOMMENDATION |
|        ) | |
| MATTHEW HAMIDULLAH, WARDEN,   ) | |
|        ) | |
|   Respondent.    ) | |
| _____) | |

The *pro se* petitioner filed a petition for writ of habeas corpus on January 3, 2007. In the petition, petitioner asserts that a detainer lodge against him by Beaufort County should be dismissed in that Beaufort County violated the terms of the Interstate Agreement on Detainers (IAD). Specifically, petitioner alleges he demanded his right to trial from Beaufort County, and the Beaufort County Solicitor failed to provide the trial within the mandated period. Respondent filed a Motion for Summary Judgment on June 12, 2007.[1] The undersigned issued an order filed June 13, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the Motion for Summary Judgment procedure and the possible consequences if he failed to respond adequately. Petitioner failed to file a response to the Motion for Summary Judgment.

### A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil

---

[1] This habeas corpus case was automatically referred to the undersigned United States magistrate judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the petitioner is proceeding pro se so he is entirely responsible for his actions. It is solely through petitioner's neglect, and not that of an attorney, that no responses have been filed. Petitioner has not responded to respondent's motion for summary judgment, or the court's Order requiring him to respond. In fact, petitioner has not filed any documents with this court since the filing of his complaint, response to courts' special interrogatories, and his motion for IFP. The undersigned concludes the petitioner has abandoned his lawsuit. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 26, 2007
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

4:07-cv-00010-TLW     Date Filed 07/26/07     Entry Number 17     Page 3 of 3